1  Stephen M. Dichter, 004043
   sdichter@cdslawfirm.com
2  J.P. Harrington Bisceglia, 026606
   jphbisceglia@cdslawfirm.com
3  CHRISTIAN DICHTER & SLUGA, P.C.
4  2800 North Central Avenue, Suite 860
   Phoenix, Arizona 85004
5  Telephone: (602) 792-1700
   Facsimile: (602) 792-1710
6

7  Attorneys for Plaintiff Gary Aller

8              **IN THE UNITED STATES DISTRICT COURT**
9
              **DISTRICT OF ARIZONA**
10

11 Gary Aller,                              Case No. CV-25-01875-PHX-DJH

12               Plaintiff,

13        vs.

14 Kristin Mayes, a single person,
   individually, and in her official capacity
15 as the Attorney General of the State of
   Arizona; Mark Brnovich, a married
16 person, individually, along with his       **JOINT CASE MANAGEMENT**
   spouse Hon. Susan Brnovich, named          **REPORT**
17 solely and exclusively for community
   property purposes; and in his official
18 capacity as former Attorney General for
   the State of Arizona; Assistant Attorney
19 General 1 (AAG 1), individually and in
   her official capacity on behalf of the
20 Arizona Office of the Attorney General;
   and her husband, John Doe AAG 1;
21 Assistant Attorney General 6 (AAG 6),
   individually, and in his official capacity
22 on behalf of the Arizona Office of the
   Attorney General; and his spouse Jane
23 Doe AAG 6; Auditor General Employee
   1, a married person, individually, along
24 with her spouse  John Doe Auditor
   General Employee 1, named solely and
25 exclusively for community property
26
27
28

purposes,  and in her capacity as a contractor to and on behalf of the Arizona Office of the Auditor General; Lindsey A. Perry, a married person, individually, along with her spouse John Doe Perry, named solely and exclusively for community property purposes, and in her official capacity as Arizona Auditor General; Auditor General Employee 2, a married person, individually,  and his wife, Jane Doe Auditor General Employee 2, named solely and exclusively for community property purposes, and in his official capacity as a member of the Arizona Auditor General's Office;

Defendants.

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Plaintiff Gary Aller and Defendants Lindsey Perry and Auditor General Employees 1 and 2 (collectively, the "Auditor Defendants") and Kristin Mayes, Mark Brnovich, Susan Brnovich, Assistant Attorney General 1 and Assistant Attorney General 6 (collectively, the "AG Defendants") submit the following Joint Case Management Report for the Scheduling Conference set for October 29, 2025, at 11:00 a.m.  Where the parties are not in agreement on a particular topic, each party presents its own proposal.[1]

**1.      Attendance:**

J.P. Harrington Bisceglia as counsel of record for Plaintiff Gary Aller.

William A. Richards, Savanna J. Wright, and Robert E. Niska for the Auditor Defendants.

Spencer A. Shockness for the AG Defendants.

---

[1] As discussed *infra*, the parties note at the outset that it may be prudent to continue the October 29, 2025 Scheduling Conference until sometime after the motions to dismiss have been ruled upon.

**2.    Statement of the Case:**

**Plaintiff's Statement of the Case:**

Mr. Aller filed his complaint alleging a claim under 42 U.S.C. § 1983 for the following:

- violation of his rights under the First, Fourth, Fifth, and Fourteenth Amendments for an improper subpoena and interview against Lindsey Perry, Kristin Mayes, Mark Brnovich, AAG 6 and Auditor General Employee 2;

- violation of the Ex Post Facto Clause violating his Fourteenth Amendment Rights against Kristin Mayes, Mark Brnovich, Lindsey Perry, AAG 1, and Auditor General Employee 1;

- violation of his rights under the First and Fourteenth Amendments to Freedom of Speech, Association, and Right to Travel against Kristin Mayes, Mark Brnovich, and AAG 1; and

- violation of his Fourteenth Amendment Rights to Due Process in the prevention of use of Grand Jury Transcripts against Kristin Mayes.

The allegations arise from an eight-year long investigation that led to a July 2021 indictment of Mr. Aller for conduct relating to his participation in assisting Higley Unified School district in building and opening two middle schools for its burgeoning population. The Public private Partnership method utilized in the 2012 project was legal under Arizona state laws and administrative code in 2012. However, while school availability and the public versus charter school battle is and remains a hot button political topic, interested parties moved to amend the law to prevent any such project like that Mr. Aller participated in in 2012 from ever happening again. However, once the law changed, the investigation moved forward seeking an indictment under the law enacted after Mr. Aller's lawful conduct. The indictment was ultimately dismissed and no reindictment was sought. Mr. Aller has been damaged as a result of the Defendants' conduct violating his constitutional rights.

1

**<u>Auditor Defendants' Statement of the Case:</u>**

2

Plaintiff's claims against the Auditor Defendants cannot proceed for several

3

reasons. <u>First</u>, Counts I and II (the only claims against the Auditor Defendants) are barred

4

by the statute of limitations period for Section 1983 claims. This is based on the applicable

5

statute of limitations period in Arizona for personal injury claims (two years pursuant to

6

A.R.S. § 12-542), as Section 1983 claims in this circuit are characterized as personal injury

7

actions for statute of limitations purposes. *See, e.g.*, *Marks v. Parra*, 785 F.2d 1419, 1419

8

(9th Cir. 1986). The Complaint allegations make clear that this two-year period passed

9

long before Plaintiff filed this action.[2] [*See* Compl. at ¶¶ 81, 91, 100, 151-52, 202, 205,

10

210, 232] <u>Second</u>, Plaintiff cannot state a viable Section 1983 claim against the Auditor

11

Defendants, for they are not "persons" per Section 1983, and thus are not proper parties

12

to an action brought pursuant to that statute.

13

<u>Third</u>, as recognized by the Hon. Joseph Kraemer of the Maricopa County Superior

14

Court, the Auditor Defendants are entitled to qualified immunity. The Hon. Joseph

15

Kraemer dismissed each of Plaintiff's state law claims against the Auditor Defendants,

16

which were based upon the same facts, evidence, and alleged wrongdoing that Plaintiff

17

asserts here. As applied here specifically, neither the Count I nor Count II allegations

18

support an objective finding that the Auditor Defendants violated clearly established law.

19

*See, e.g.*, *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *City of Phoenix v. Yarnell*, 184

20

Ariz. 310, 316 (1995). Further, the Complaint allegations do not make the required

21

showing of reckless disregard of Plaintiff's rights. *See, e.g.*, *Tennison v. City & Cnty. of*

22

*San Francisco*, 570 F.3d 1078, 1088 (9th Cir. 2009); *Spooner v. City of Phoenix*, 246 Ariz.

23

119, 124, ¶¶ 10-11 (App. 2018). <u>Fourth</u>, the Complaint is devoid of allegations adequate

24

to support an actionable constitutional claim. Thus, Plaintiff fails to state a plausible claim

25

for relief, and his constitutional claims in Count I and Count II fail as a matter of law.

26

<u>Finally</u>, Plaintiff cannot recover punitive damages as a matter of law.

27

28

[2] *See, e.g.*, *Lukovsky v. City & Cnty. of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008).

1    **<u>AG Defendants' Statement of the Case:</u>**

2    Each and every one of Plaintiff's claims is barred by immunity, both absolute and

3    qualified. The Maricopa County Superior Court, the Hon. Joseph Kraemer presiding,

4    agreed. Consequently, it dismissed each of Plaintiff's state law claims against the AG

5    Defendants, which were based upon the same facts, evidence, and alleged wrongdoing

6    that Plaintiff asserts here. The superior court ruled that "all the acts of the Attorney

7    General defendants complained of are protected by absolute immunity." *See* Exhibit 1 to

8    the AG Defendants' Motion to Dismiss.

9    "The scope of prosecutorial immunity is broad." *Morgan v. Cochise Cnty. Bd. of*

10   *Supervisors*, 487 F. Supp. 3d 789, 798 (D. Ariz. 2020). It applies to judicial acts taken by

11   prosecutors under Section 1983. *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976). The

12   immunity analysis is focused on the alleged conduct and "[t]he intent of the prosecutor

13   when performing prosecutorial acts plays no role in the immunity inquiry." *McCarthy v.*

14   *Mayo*, 827 F.2d 1310, 1315 (9th Cir. 1987). Here, all of the alleged wrongdoing is judicial

15   in nature, thereby making it subject to absolute immunity. Accordingly, Plaintiff's claims

16   are foreclosed.[3]

17   Independently, but equally dispositively, qualified immunity bars Plaintiff's

18   claims. "[T]o overcome qualified immunity, Plaintiff[] must show that [the Defendant]

19   (1) 'violated a federal statutory or constitutional right' and (2) 'the unlawfulness of their

20   conduct was clearly established at the time.'" *Ballentine v. Tucker*, 28 F.4th 54, 61 (9th

21   Cir. 2022) (quoting *District of Columbia v. Wesby*, 583 U.S. 48, 62–63 (2018)). Plaintiff

22   cannot meet either test. Plaintiff's Section 1983 claims fail to state a claim because there

23   is no substantive basis for any of his claims. Plaintiff also does not, and cannot, show that

24   his rights were "clearly established," likely because Plaintiff's bases are not actionable.

25   ───────────────

26   [3] To the extent that Plaintiff alleges that Brnovich participated with legislators in revising portions of the Arizona Administrative Code as a basis for liability against him, that

27   conduct is subject to legislative immunity. *See Jones v. Allison*, 9 F.4th 1136, 1140 (9th Cir. 2021) ("[O]fficials outside the legislative branch are entitled to legislative immunity

28   when they perform legislative functions.").

As such, the AG Defendants are entitled to qualified immunity on Plaintiff's Section 1983 claims.

**3.      Principal Factual and Legal Disputes:**

**Plaintiffs:**

**Factual Basis**

Whether Defendants conduct in the investigation of Mr. Aller, leading to his indictment, which was ultimately dismissed, violated Mr. Aller's First, Fourth. Fifth, and Fourteenth Amendment rights, the Ex Post Facto Clause of the Constitution, and the damages sustained by Mr. Aller as a result of same.

**Legal Basis**

Whether any form of immunity precludes any of Mr. Aller's claims against Defendants.

**Auditor Defendants:**

**Factual Basis**

Each of Plaintiff's claims against the Auditor Defendants can be resolved as a matter of law and no material factual disputes are currently present. The Court can resolve this matter at the Motion to Dismiss stage.

**Legal Basis**

Each of Plaintiff's claims against the Auditor Defendants can be resolved as a matter of law because each is either subject to absolute, legislative, and qualified immunity for the reasons outlined above and in the Auditor Defendants' Motion to Dismiss. The Maricopa County Superior Court agreed and dismissed all of Plaintiff's state law claims against the Auditor Defendants, which were based upon the same facts, evidence, and alleged wrongdoing. Further, Plaintiff's claims are also time-barred pursuant to the applicable two-year statute of limitations under A.R.S. § 12-542.

**AG Defendants:**

**Factual Basis**

Each of Plaintiff's claims against the AG Defendants can be resolved as a matter of law and no material factual disputes are currently present. The Court can resolve this matter at the Motion to Dismiss stage.

**Legal Basis**

Each of Plaintiff's claims against the AG Defendants can be resolved as a matter of law because each is subject to absolute prosecutorial immunity for the reasons outlined above and in the AG Defendants' Motion to Dismiss. The Maricopa County Superior Court agreed and dismissed all of Plaintiff's state law claims against the AG Defendants, which were based upon the same facts, evidence, and alleged wrongdoing. Independently, but equally dispositively, qualified immunity forecloses each of Plaintiff's claims.

**4.     Jurisdiction:**

The Court has jurisdiction over claims arising under 42 U.S.C. § 1983.

**5.     Service:**

All parties in this civil matter have been served accordingly and have appeared.

**6.     Additions and Amendments:**

Plaintiff and Defendants reserve the right to add additional parties or otherwise amend pleadings.

**7.     Forthcoming Motions:**

The Defendants have filed motions to dismiss and Plaintiff is preparing his response to same. The parties have agreed to a briefing schedule with Mr. Aller's responses to the motions to be filed no later than November 3, 2025, and Defendants replies due no later than December 9, 2025.

As noted above, it may be prudent to continue the October 29, 2025 Scheduling Conference until sometime after the motions to dismiss have been ruled upon and the scope of issues in the litigation is clear. Nevertheless, the parties comply with their

obligations herein with a proposed schedule that contemplates time for the briefing and a ruling on the pending motions.

**8.      Suitability for Referral to Arbitration or a Magistrate Judge for Trial:**

The parties do not consent to the assignment of this matter to a United States Magistrate Judge. Further, this matter is not suitable for arbitration or reference to a Magistrate Judge for trial.

**9.      Related Cases:**

State of Arizona, Maricopa County case number CV2025-010062 (the "State Case"), involving Plaintiff and Defendants arises from the same investigation and indictment but is related only to State Law claims, and not the Constitutional violations alleged in this matter. The Maricopa County Superior Court dismissed all of Plaintiff's claims against both the Auditor Defendants and the AG Defendants. The State Case is currently subject to an appeal before the Arizona Court of Appeals.

**10.      Exchange of Initial Disclosure Statements:**

The parties will exchange initial disclosure statements on February 27, 2026.

**11.      Issues Relating to Claims of Privilege or Work Product or Electronically Stored Information ("ESI"):**

None at this time.

**12.      Discovery:**

**a. The extent, nature, and location of discovery anticipated by the parties:**

Plaintiff anticipates the need for discovery of the investigation files of Defendants and as to the extent of Mr. Aller's damages. Plaintiff's discovery will be mostly limited to the exchange of electronically stored documents in either parties' possession or within the possession of entities in the State of Arizona and depositions.

The Auditor and AG Defendants anticipate the need for little to no discovery. To the extent that the Auditor and AG Defendants conduct discovery, it would primarily be focused on the alleged basis for Plaintiff's claimed damages. This discovery would take the form of written discovery pursuant to Federal Rules of Civil Procedure 33, 34, and 36,

and the deposition of Plaintiff or any other relevant third party.

**b. Deviations from discovery limitations:**

Plaintiff requests leave for additional interrogatories up to 40, including subparts. Plaintiff does not anticipate any other deviations from standard discovery.

**c. Hours permitted for each deposition:**

Each deposition will be limited to no more than 7 hours unless specifically agreed to by the parties in advance.

**12.    Discovery Deadlines:**

The parties will complete all fact discovery and disclosure pursuant to Rule 26(a)(3) by August 31, 2026.

Plaintiffs will provide all disclosures of expert testimony under Rule 26(a)(2)(C) by May 29, 2026.

Defendants will provide all disclosures of expert testimony under Rule 26(a)(2)(C) by June 30, 2026.

All rebuttal expert disclosures will be completed by July 31, 2026.

The deadline for filing dispositive motions is September 30, 2026.

The parties shall have engaged in good faith settlement discussions by July 17, 2026.

**13.    Request for Jury Trial:**

A jury trial has been requested in this matter.

**14.    Trial:**

Plaintiffs estimate the case will be ready for trial in late 2026. The parties estimate that trial will require ten court days. The parties will be able to re-evaluate this estimate once discovery has been completed. The parties do not have any suggestions for shortening the trial.

**15.    Settlement and Dispute Resolution:**

There are no settlement prospects at this time.  Nevertheless, the parties agree to conduct mediation with a private mediator before July 17, 2026.

**16.    Additional Matters:**

None.

RESPECTFULLY SUBMITTED this 22<u>nd</u> day of October, 2025.

CHRISTIAN DICHTER & SLUGA, P.C.

By: /s/ Stephen M. Dichter
    Stephen M. Dichter
    J.P. Harrington Bisceglia
    2800 North Central Avenue, Suite 860
    Phoenix, Arizona 85004
    Attorneys for Plaintiff Gary Aller

FENNEMORE CRAIG, P.C.

By: /s/ Spencer A. Shockness
    Douglas C. Northup
    Emily Ward
    Matthew J. Skelly
    Spencer A. Shockness
    2394 E. Camelback Road, Suite 600
    Phoenix, Arizona 85016
    Attorneys for Defendants Kristin Mayes,
    Mark Brnovich, Assistant Attorney General
    1 and Assistant Attorney General 6

RICHARDS & MOSKOWITZ, PLC

By: /s/ Robert E. Niska
    William A. Richards
    Robert E. Niska
    Savanna J. Wright
    1850 N. Central Avenue, Suite 2010
    Phoenix, Arizona 85004
    Attorneys for Defendants Lindsey A. Perry,
    Auditor General Employees 1 and 2

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on October 22, 2025 I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and for transmittal of Notice of Electronic Filing to the following CM/ECF registrants:

Douglas C. Northup
dnorthup@fennemorelaw.com
Emily Ward
eward@fennemorelaw.com
Matthew J. Skelly
mskelly@fennemorelaw.com
Spencer A. Shockness
sshockness@fennemorelaw.com
Fennemore Craig
2394 E. Camel Road, Suite 600
Phoenix, Arizona 85016
Attorneys for Defendants Kristin Mayes, Mark Brnovich,
Assistant Attorney General 1 and Assistant Attorney
General 6

William A. Richards
brichards@rmazlaw.com
Robert E. Niska
bniska@rmazlaw.com
Savanna J. Wright
swright@rmazlaw.com
Richards & Moskowitz, PLC
1850 N. Central Avenue, Suite 2010
Phoenix, Arizona 85004
Attorneys for Defendants Lindsey A. Perry,
Auditor General Employees 1 and 2


/s/ Yvonne Canez

11